IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| TERRY LEE THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-01155-CV-W-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER REMANDING CASE TO ALJ

Plaintiff Terry Lee Thomas seeks judicial review of the Commissioner of Social Security's denial of his applications for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434 and supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381-1383f. The Administrative Law Judge ("ALJ")[1] found Plaintiff had multiple severe impairments including seizure disorder, affective disorder, and anxiety, but he retained the residual functional capacity ("RFC") to perform work as a linen room attendant, counter supply worker, light collator operator, and light mail router.

Because the Court cannot conclude that the ALJ's opinion is supported by substantial evidence in light of the new, material opinion evidence submitted to the Appeals Council, the Court REMANDS the case to the ALJ for further proceedings.

**Factual and Procedural Background**

A summary of the entire record is presented in the parties' briefs and is repeated here only to the extent necessary.

---

[1] Plaintiff's applications were considered by two different administrative law judges because the Social Security Appeals Council reversed and remanded the first judge's opinion. The Court's use of the term "ALJ," however, refers solely to the second judge.

Plaintiff filed his initial applications on January 14, 2009, alleging a disability onset date of January 1, 2009. After the Commissioner denied these applications, an administrative law judge affirmed this decision. Plaintiff challenged this decision and the Appeals Council remanded, ordering the ALJ to obtain updated medical records, consider evidence spanning the entire disability period, determine whether Plaintiff could perform his past relevant work, and elicit testimony from a vocational expert on whether he could perform other work. R. at 238.[2]

Upon remand, the ALJ expanded the record, conducted another hearing, and concluded that Plaintiff failed to establish disability. Plaintiff appealed to the Appeals Council and presented new opinion evidence from his treating physician Thomas Maxwell, M.D. ("Dr. Maxwell"). The Appeals Council denied review, holding that despite the new evidence, the ALJ's opinion was still supported by substantial evidence. This denial left the ALJ's opinion as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738

---

[2] During the pendency of this appeal, Plaintiff filed new claims of disability. The Appeals Council also directed the ALJ to consider these claims in conjunction with the previous applications. R. at 238.

(8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

**Analysis**

In determining whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of not less than twelve months, 42 U.S.C. § 423(d), the Commissioner follows a five-step sequential evaluation process.[3]

Plaintiff challenges the ALJ's Step Four determination in numerous respects, but the Court only addresses the single issue that necessitates remand: whether, in light of the opinion evidence presented for the first time to the Appeals Council, the ALJ's opinion is still supported by substantial evidence.

The ALJ determined that Plaintiff could perform a full range of work, subject to additional non-exertional limitations seemingly related to his seizure disorder. R. at 50. The ALJ limited Plaintiff to work that did not involve climbing ladders, ropes, or scaffolds, and that avoided exposure extreme heat, humidity, operational control of machinery, unprotected heights, and hazardous machinery. R. at 50. The ALJ did not find more restrictive limitations in part because she rejected Plaintiff's allegations that his seizures were disabling. The ALJ cited to

---

[3] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); see 20 C.F.R. §§ 404.1520(a)–(g); 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

3

numerous medical records from 2009 demonstrating that Plaintiff's seizures were primarily attributable to his failure to take prescribed seizure medication. R. at 51. Based on these records, the ALJ concluded, "Overall, the record indicates that the claimant's seizures would be controlled if he took his medications regularly. It is reasonable that he could perform work if normal and reasonable seizure precautions were taken." R. at 51.

When the ALJ rendered her opinion, there was no medical opinion evidence on how Plaintiff's seizure disorder impacted his ability to work. Plaintiff, however, subsequently submitted two letters from Dr. Maxwell to the Appeals Council. In the first letter, dated November 15, 2012, Dr. Maxwell remarked that he primarily treated Plaintiff for his seizure disorder. R. at 1124. He further explained that Plaintiff experienced most seizures when he forgot to take his medications, but he also had them once every three months, even when properly medicated. R. at 1124. Dr. Maxwell then concluded that this uncontrollable seizure disorder would render him unable to perform the normal work-related activities of an average job. R. at 1124. His second letter, dated February 5, 2013, focused more upon Plaintiff's alleged shoulder injury and anxiety disorder, but it also stated that his seizure disorder remained uncontrollable. R. at 16.

The Appeals Council addressed both letters in denying review. The Appeals Council refused to consider the observations in the February 5, 2013 letter because it concerned Plaintiff's condition after the disability cutoff date of August 31, 2012, the date of the ALJ's opinion. R. at 2. Addressing the first letter, the Appeals Council simply stated that it did not supply a sufficient basis to overturn the ALJ's decision. R. at 2.

Plaintiff contends that the ALJ's RFC formulation lacks substantial record support in light of Dr. Maxwell's post-decision opinions. Plaintiff focuses on Dr. Maxwell's opinion that

4

he suffers from uncontrollable seizures, arguing this evidence undermines the ALJ's finding that medication controlled his seizures. Defendant responds that Dr. Maxwell's opinion would not change the outcome, because the opinion is conclusory and vague, and he impermissibly opines on the ultimate issue of disability.

When the Appeals Council denies review despite new and material evidence, the Court must determine whether in light of the new evidence the ALJ's decision is still supported by substantial evidence on the record as a whole. *See Perks v. Astrue*, 687 F.3d 1086, 1093 (8th Cir. 2012). "To be 'new,' evidence must be more than merely cumulative of other evidence in the record." *Id.* (quoting *Bergmann v. Apfel*, 207 F.3d 1065, 1069 (8th Cir. 2000)). "Evidence is 'material' if it is 'relevant to claimant's condition for the time period for which benefits were denied.'" *Roberson v. Astrue*, 481 F.3d 1020, 1026 (8th Cir. 2007) (quoting *Bergmann*, 207 F.3d at 1069).

Thus, the first issue becomes whether the letters are new and material evidence. The Court finds that the second letter is not material because it addresses Plaintiff's condition after the disability cutoff date of August 31, 2012, the date of the ALJ's decision. On the other hand, the first letter is both new and material. The first letter, which was rendered less than three months after the ALJ's decision, is "new" because there is no other medical *opinion* evidence in the record discussing Plaintiff's seizure disorder and its resistance to medications. It is also "material" because it concerns Plaintiff's condition from October 26, 2011 to July 11, 2012, a timespan that squarely falls within the disability period. Thus, the first letter is both new and material.

5

The Court must next determine whether, in light of this letter, the ALJ's determination is still supported by substantial evidence. The Court cannot definitely conclude so on the current record.

Citing to medical records showing Plaintiff had seizures after missing medication, the ALJ reasoned that if Plaintiff adhered to his medication regimen, his seizures would be controlled. Dr. Maxwell's opinion, however, directly contradicts this finding. Although he concedes that *most* of the seizures arise from Plaintiff's failure to take medicine, he still opines that even with the medication Plaintiff suffers from disabling seizures. R. at 1124. And this opinion is *arguably* entitled to some deference because it appears to be consistent with other record evidence and supported by some clinical data. As the records indicate, most of Plaintiff's seizures occur when he misses his medication. R. at 857, 928, 960, 1105. But there is other evidence demonstrating that Plaintiff suffered seizures when he took his medications, and some of these records comprise laboratory tests showing therapeutic levels of seizure medication in Plaintiff's blood stream directly after seizures. R. at 915, 927, 955-56, 1105, 1109. Moreover, Dr. Maxwell's treatment notes also document Plaintiff's seizures, including one that resulted from stress rather than a lack of medication. R. at 1039-48. The Court thus cannot simply set aside the opinion as unsubstantiated. *But see Perks*, 687 F.3d at 1094 (concluding that a treating physician's opinion submitted to the Appeals Council would not have altered the ALJ's determination because it was unsupported by clinical or diagnostic data).

Nor can the Court conclude—as the Commissioner urges—that the opinion is impermissibly vague and overreaching. To the extent the opinion touches on the ultimate issue of disability, it is, of course, entitled to no deference. *See Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005). But his opinion contains more than just his conclusion: it explains

6

Plaintiff's condition, its medication resistant nature, and its work hindering propensity. Undoubtedly, the opinion could be more specific, but the Court lacks a sufficient basis to set it aside for being too vague or conclusory.

The need for remand is underscored by several other related issues. First, the ALJ never addressed the medical records corroborating Plaintiff's claims that he still had seizures while properly medicated. This is troubling given that this was the primary issue discussed during the disability hearing and extremely relevant to whether he could perform work. Second, there is no other medical opinion evidence in the record concerning the limitations imposed by Plaintiff's seizure disorder. In fact, the only function-by-function analysis regarding Plaintiff's physical impairments is from a single-decision maker, R. at 97-102, an opinion the ALJ is prohibited from relying upon in formulating the RFC. *See Robertson v. Astrue*, No. 10-247-CV-W-DGK-SSA, 2012 WL 11120, at *2 (W.D. Mo. Jan. 3, 2012) (holding that it is a legal error for the ALJ to essentially adopt the opinion of a state agency single-decision maker). The lack of any other medical opinions regarding Plaintiff's seizure disorder increases the materiality of Dr. Maxwell's opinion.

While Dr. Maxwell's opinion precludes the Court from definitively concluding that substantial evidence supports the RFC, there is also insufficient evidence to conclude this same opinion entitles Plaintiff to benefits. A review of Dr. Maxwell's treatment notes reveals that he may have relied upon Plaintiff's subjective complaints. R. at 1039-48. If this is indeed the case, it would detract from the probative value of his opinion because there is evidence that Plaintiff previously made uncorroborated statements to medical professionals and arguably lied about illegal drug use. R. at 922-23, 927, 936-37; *see McCoy v. Astrue*, 648 F.3d 605, 617 (8th Cir. 2011) (noting that a physician's opinion is less credible when it relies upon a claimant's

subjective allegations that the ALJ found less than credible). Also, although the opinion states Plaintiff's seizures are uncontrollable, it does not explain for how long Plaintiff is incapacitated after a seizure. These are crucial issues that need further development.

Of course, on remand and after further development of the record, the ALJ may once again determine that Plaintiff is not entitled to benefits. But such a conclusion must be accompanied by a more thorough discussion of how often Plaintiff has seizures while on medication and the extent to which this impacts his ability to perform work.

## Conclusion

For the foregoing reasons, the Court REMANDS this case to the ALJ for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Date: January 22, 2015                /s/ Greg Kays
                                                            GREG KAYS, CHIEF JUDGE
                                                            UNITED STATES DISTRICT COURT